plaintiffs' declining to commence the action, but it is no argument why they should have costs not adapted to the case. There is room for doubt, whether an agreement, in express terms, to pay higher costs than those allowed by law, would avail; but when, as in this case, nothing is said, there cannot be a doubt that no other costs are recoverable, as between attorney and client, than such as the fee bill directs, when the recovery is under 250 dollars. And in this case, we think the defendant was not concluded from making the objection at the trial.

It follows, that there must be a new trial, unless the plaintiffs elect to make out their bill on the principles above stated; in which case, if the amount be under 50 dollars, the defendant will be entitled to the costs of this suit; on paying the balance, if any, a new trial will be unnecessary.

*Motion granted.*

ALBANY,
August, 1815.

SCOTT
v.
ELMENDORF.

---

SCOTT *against* ELMENDORF.

THIS was an action for another bill of costs by the plaintiff, as attorney, in a second suit against *Philip Becker*, on the same note mentioned in the preceding case; in which, at the trial, the maker of the note proved that it had been paid; and a verdict was found for the defendant. In addition to the point relied on in the last cause, the defendant, in this suit, objected that the plaintiff had no authority to bring the *second* suit on the note against *Becker*, after being nonsuited in the first.

*Sudam*, for the defendant.

*Scott*, for the plaintiff.

*Per Curiam.* In this case we consider the plaintiff as warranted, by his general retainer, in bringing the second suit;

An attorney who receives a note from his client to collect, is warranted, by his general retainer, to bring a second suit on the note, after being nonsuited in the first, for want of sufficient proof of the execution of the note.

and the principles adopted in the last case dispose also of the other objections in this cause.

Motion granted.

——◦+◦——

JACKSON, ex dem. MERRITT AND WIFE, against WILSON.

Where A. he-in entitled, as representa-tiv: to B., to a lo' of military bo nty land, th patent for which had not been issued, m de his will, and after de-vising his es-tate to his wife and two daughters, de-vised as fol lo s: as there is ome expecta ti of some-thing coming to one of my bro-ther B.'s estate, which is not comprehended in he above, I give it unto my brother C. for ever, it was held, that this devise applied to the interest in expectancy of A. in the military boun-ty land, and was not in-cluded in the devise to his wife and daughters.

THIS was an action of *ejectment* brought to recover a part of an unimproved lot of land, situate in the town of *Cincinnatus,* in the county of *Courtlandt;* the cause being at issue, the fol-lowing case was agreed to by the parties, and submitted to the court, without argument.

*Isaac Sherwood* was a lieutenant in the second *New-York* re-giment, and died intestate, in the year 1777, leaving *Job Sher-wood,* his father, *Samuel Sherwood,* his eldest brother, *Job Sher-wood,* Jun., his youngest brother, and four sisters, his next of kin. A patent was granted to *Isaac Sherwood,* and his heirs and assigns, for the lot in question, on the 30th of *September,* 1790. *Samuel Sherwood* died in 1786, having, by his last will and testament, dated *May* 19th, 1786, devised one third of his estate to his wife, and the other two thirds to his daughters *Rachel* and *Sarah;* and if either of them should die before she came of age, to the survivor. The will, after the last mentioned bequests, contained the following : " I give unto my brother, *Job Sherwood,* all my wearing apparel : and as there is some expectation of something coming to me of my brother *Isaac's,* deceased, estate, which is not comprehended in the above, I give it unto my said brother, *Job Sherwood,* for ever." *Isaac Sherwood* left other property beside his military lands. *Job Sherwood,* Jun., claimed the land in question, either under the will of his father, or as devisee under the will of *Samuel Sherwood,* and sold it to *Jasper Crosby,* on whose ap-plication letters patent were issued, and the defendant held under *Crosby.* *Samuel Sherwood* never filed any claim for the land, nor took any steps to obtain letters patent for the same during his life. *Rachel,* one of the lessors of the plaintiff, was the daugher of the said *Samuel Sherwood.* *Sarah,* the other daughter, died in her infancy. The lessors of the plaintiff